**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*                                                        Case No.: 19-25286-RAM

CHILDREN FIRST CONSULTANTS,                    Chapter 11
INC.,

_____Debtor._____ /

# PLAN OF REORGANIZATION OF

# CHILDREN FIRST CONSULTANTS, INC.

**Submitted on September 8, 2020 by:**

**AGENTIS PLLC**
**55 Alhambra Plaza, Suite 800**
**Coral Gables, Florida  33134**
**T. 305.722.2002      F. 305.722.2001**
**Nicole Grimal Helmstetter**
**Fla. Bar No. 86937**
**ngh@agentislaw.com**
***Attorneys for the Debtor in Possession***

## TABLE OF CONTENTS

**ARTICLE I.         DEFINITIONS** ........................................................................................... **1**

    **1.1.    Administrative Claim** ................................................................................. **1**

    **1.2.    Administrative Claims Bar Date** ............................................................ **1**

    **1.3.    Administrative Expenses** ......................................................................... **2**

    **1.4.    Adversary Proceeding** ............................................................................. **2**

    **1.5.    AHCA** ......................................................................................................... **2**

    **1.6.    Allow, Allowed, Allowance** ..................................................................... **2**

    **1.7.    Allowed Administrative Expense Claim** ................................................ **2**

    **1.8.    Allowed Claim** .......................................................................................... **2**

    **1.9.    Allowed Unsecured Claim** ....................................................................... **3**

    **1.10.   Assets** ......................................................................................................... **3**

    **1.11.   Avoidance Action** ..................................................................................... **3**

    **1.12.   Ballot** ......................................................................................................... **3**

    **1.13.   Bankruptcy Code** ..................................................................................... **3**

    **1.14.   Bankruptcy Court** ................................................................................... **3**

    **1.15.   Bankruptcy Rules** .................................................................................... **4**

    **1.16.   Cause(s) of Action** .................................................................................... **4**

    **1.17.   Chapter 11 Case** ....................................................................................... **4**

    **1.18.   Claim** ......................................................................................................... **4**

    **1.19.   Claimant, Claimholder or Creditor** ....................................................... **4**

    **1.20.   Claimholder** .............................................................................................. **4**

    **1.21.   Claims Bar Date** ....................................................................................... **4**

    **1.22.   Class** ........................................................................................................... **4**

    **1.23.   Confirmation or Confirmation Date** ...................................................... **4**

    **1.24.   Confirmation Hearing** ............................................................................. **5**

    **1.25.   Confirmation Order** ................................................................................ **5**

    **1.26.   Court** ......................................................................................................... **5**

    **1.27.   Cramdown Provisions** .............................................................................. **5**

    **1.28.   Creditor** .................................................................................................... **5**

55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

1.29. **Debtor** ............................................................................................................. 5

1.30. **Directors** .......................................................................................................... 5

1.31. **Disclosure Statement** ....................................................................................... 5

1.32. **Disputed Claim** ................................................................................................ 6

1.33. **Disputed Creditors** .......................................................................................... 6

1.34. **Earn Out From Operations** ............................................................................. 6

1.35. **Effective Date** .................................................................................................. 6

1.36. **Estate** ............................................................................................................... 6

1.37. **Equity Interest** ................................................................................................. 6

1.38. **Executory Contracts** ........................................................................................ 6

1.39. **Final Order** ...................................................................................................... 6

1.40. **General Unsecured Claim** ................................................................................ 7

1.41. **Governmental Unit** .......................................................................................... 7

1.42. **Holder** .............................................................................................................. 7

1.43. **Impaired** ........................................................................................................... 7

1.44. **Insiders** ............................................................................................................ 7

1.45. **Litigation Proceeds** ......................................................................................... 7

1.46. **Local Rules** ...................................................................................................... 7

1.47. **Monthly Operating Reports** ............................................................................ 7

1.48. **Petition Date** .................................................................................................... 8

1.49. **Plan** .................................................................................................................. 8

1.50. **Plan Fund** ......................................................................................................... 8

1.51. **Plan Payment** ................................................................................................... 8

1.52. **Priority Cap** ..................................................................................................... 8

1.53. **Priority Claim** .................................................................................................. 8

1.54. **Professional** ..................................................................................................... 8

1.55. **Professional Claim** .......................................................................................... 8

1.56. **Proponent** ......................................................................................................... 8

1.57. **Reorganized Debtor** ......................................................................................... 9

1.58. **Scheduled** ......................................................................................................... 9

55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

1.59.  Schedules or Amended Schedules or Schedules of Assets and
       Liabilities or Statement of Financial Affairs ............................................. 9

1.60.  Solicitation Procedures Order ........................................................................ 9

1.61.  United States Trustee ........................................................................................ 9

1.62.  United States Trustee Fees ............................................................................... 9

1.63. Voting Deadline ................................................................................................. 9

1.64. Uncontested Receivable .................................................................................... 9

1.65.  WellCare ............................................................................................................. 9

1.66.  Undefined Terms ............................................................................................... 9

ARTICLE II.         CLASSIFICATION OF CLAIMS AND INTERESTS ...................... 10

ARTICLE III.        TREATMENT OF CLAIMS AND INTERESTS
                    UNDER THE PLAN .............................................................................. 10

General Matters Regarding Classification and Treatment of Claims .............................. 10

3.1.   Administrative Expense Claims ...................................................................... 10

3.2    Class 1.  Allowed Wage Claims. ...................................................................... 11

3.3.   Class 2. Allowed General Unsecured Claims. ................................................ 11

3.4.   Class 3. Equity Interests of the Directors. ..................................................... 12

3.5.   Impaired Classes. .............................................................................................. 12

ARTICLE IV.         ACCEPTANCE OR REJECTION OF PLAN .................................... 12

4.1.   Voting Classes. .................................................................................................. 12

4.2.   Presumed Acceptance of Plan. ........................................................................ 12

ARTICLE V.          FUNDING AND IMPLEMENTATION OF THIS PLAN ................. 12

5.1.   Vesting of Property of the Estate. ................................................................... 12

5.2.   The Plan Fund. .................................................................................................. 12

5.3.   Sources of Funding Plan Payments. ............................................................... 13

5.4    Events Occurring on or Before Confirmation. .............................................. 14

5.5.   Events Occurring on or after the Effective Date ........................................... 14

5.6.   Documents .......................................................................................................... 14

iv

**5.7.**    **Payments** ............................................................................................ **15**

**5.8.**    **Causes of Action** ............................................................................... **15**

**5.9.**    **Reservation of Rights Under Section 1129(b)** ................................ **16**

**5.10.**   **No Waiver of Claims** ........................................................................ **16**

**5.11.**   **Disputed Claims** ................................................................................ **17**

**5.12.**   **Delay of Distribution on a Disputed Claim** .................................... **17**

**5.13.**   **Settlement of Disputed Claims** ........................................................ **17**

**5.14.**    **Post-Effective Date Fees and Expenses** .......................................... **17**

**5.15.**   **Determination of Tax Liability** ....................................................... **17**


**ARTICLE VI.**        **PROVISIONS FOR EXECUTORY CONTRACTS**
                      **AND UNEXPIRED LEASES** .......................................... **18**

**6.1.**    **Rejected Executory Contracts and Unexpired Leases.** ................... **18**


**ARTICLE VII.**       **REQUEST FOR CONFIRMATION UNDER 11 U.S.C. § 1129(B)** ... **18**


**ARTICLE VIII.**      **GENERAL PROVISIONS** ........................................... **18**

**8.1.**    **Definitions and Rules of Construction** ........................................... **18**

**8.2.**    **Effective Date of Plan** ...................................................................... **18**

**8.3.**    **Severability.** ....................................................................................... **19**

**8.4.**    **Binding Effect** ................................................................................... **19**

**8.5.**    **Captions** ............................................................................................. **19**

**8.6.**    **Controlling Effect** ............................................................................ **19**


**ARTICLE IX.**        **DISCHARGE, RELEASES, AND INJUNCTIONS** ............ **19**

**9.1.**    **Discharge of Debt.** ............................................................................ **19**

**9.2.**    **Releases** .............................................................................................. **19**

**9.3.**    **Injunction** .......................................................................................... **20**

**ARTICLE X.**         **RETENTION OF JURISDICTION BY THE**
                      **BANKRUPTCY COURT** ............................................. **20**


**ARTICLE XI.**        **MODIFICATIONS TO THE PLAN** ............................... **21**

v

**ARTICLE XII        AMENDMENT OF CLAIMS**................................................................ **22**

vi

## PLAN OF REORGANIZATION

CHILDREN FIRST CONSULTANTS, INC. (the "**Debtor**" or "**Children First**"), by and through undersigned counsel, submits and proposes the following Plan of Reorganization pursuant to 11 U.S.C. § 1121(b):

### ARTICLE I.
### DEFINITIONS

Except as otherwise provided in this Plan, all terms used herein shall have the meanings ascribed to such terms under the Bankruptcy Code, as amended, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of Florida (the "**Local Rules**"). For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this Section of the Plan. The capitalized terms set forth below when used in this Disclosure Statement and Plan of Reorganization shall have the following meanings:

1.1. "**Administrative Claim**" shall mean a Claim for payment of costs or expenses of administration specified in Sections 503(b) and 507(a)(1) of the Bankruptcy Code, incurred after the Petition Date through the Confirmation Date, including without limitation: (i) the actual, necessary costs and expenses of preserving the Debtor's Estate incurred after the Petition Date; (ii) compensation for legal, accounting and other services and reimbursement of expenses awarded pursuant to Sections 330(a) or 331 of the Bankruptcy Code; and, (iii) all fees and charges assessed against the Debtor's Estate pursuant to Section 1930 of Title 28 of the United States Code.

1.2. "**Administrative Claims Bar Date**" shall mean the date which occurs thirty (30) days from the Confirmation Date as the last date to request payment of Administrative Claims, other than with respect to Professional Claims.



1.3.    "**Administrative Expenses**" shall mean any Claim for payment of costs or expenses of administration specified in Sections 503(b) and 507(a)(1) of the Bankruptcy Code, incurred after the Petition Date through the Confirmation Date, including without limitation: (i) the actual, necessary costs and expenses of preserving the Debtor's Estate incurred after the Petition Date; (ii) Professional Claims; and (iii) all fees and charges assessed against the Debtor's Estate pursuant to Section 1930 of Title 28 of the United States Code.

1.4.    "**Adversary Proceeding**" shall mean the adversary proceeding commenced on June 2, 2020, by the Debtor upon the filing of a three count complaint against the Florida Agency for Health Care Administration wherein the Debtor requested turnover of $831,128.28 of uncontested receivables as property of the Estate.

1.5.    "**AHCA**" shall mean Agency of Healthcare Administration.

1.6.    "**Allow**," "**Allowed**," "**Allowance**" or words of similar meaning shall mean with respect to a Claim against the Debtor's Estate:  (i) that no objection has been interposed within the applicable period of limitation fixed by this Plan or by the Bankruptcy Court and that such period of limitation has expired; or (ii) that the Claim has been allowed for purposes of payment by an order of the Bankruptcy Court that is no longer subject to appeal or certiorari and as to which no appeal or certiorari is pending.

1.7.    "**Allowed Administrative Expense Claim**" shall mean an Allowed Claim for which a Claimant asserts, and that is determined to be entitled to, priority under Sections 503 and 507(a)(1) and (a)(2) of the Bankruptcy Code, other than Administrative Claims.

1.8.    "**Allowed Claim**" shall mean a Claim against the Debtor (i) allowed by a Final Order, (ii) Scheduled as liquidated, undisputed and non-contingent by the Debtor in their Schedules of Assets and Liabilities filed with the Bankruptcy Court, as they may be amended or

2

supplemented) or (iii) timely filed with the Clerk of the Bankruptcy Court and to which no objection has been made to the allowance thereof within a time fixed by the Bankruptcy Court and the Claim is not otherwise a Disputed Claim.

1.9.    **"Allowed Unsecured Claim"** shall mean an Allowed Claim which arose or which is deemed to have arisen prior to the filing of the Petition commencing these Proceedings and as to which the Claimant has not asserted, or as to whom it is determined by Final Order does not hold, a valid, perfected and enforceable lien, security interest or other interest in or encumbrance against property of the Debtor or a right of setoff to secure the payment of such Claim, but excluding unsecured Claims previously paid in the Proceedings pursuant to agreements approved by the Bankruptcy Court.

1.10.    "**Assets**" shall mean the aggregate assets, of any kind, of the Debtor and its Estate as more specifically defined in section 541 of the Bankruptcy Code.

1.11.    "**Avoidance Action**" shall mean potentially avoidable transfers pursuant to 11 U.S.C. §§ 544, 547, 548, and 549.

1.12.    "**Ballot**" shall mean the Ballot accompanying this Plan or Order Approving the Disclosure Statement, upon which holders of Impaired Claims entitled to vote on this Plan shall indicate their acceptance or rejection of his Plan in accordance with the instructions regarding voting.

1.13.    "**Bankruptcy Code**" (the "**Code**") shall mean Title 11 of the United States Code, which governs the Chapter 11 Case of the Debtor.

1.14.    "**Bankruptcy Court**" (the "**Court**") shall mean the United States Bankruptcy Court for the Southern District of Florida, Miami Division, or any other court exercising

3

competent jurisdiction over the Chapter 11 Case or any proceeding arising in or related to the Chapter 11 Case.

1.15.    "**Bankruptcy Rules**" shall mean the Federal Rules of Bankruptcy Procedure and the local rules of the Bankruptcy Court (including any applicable local rules of the United States District Court for the Southern District of Florida), as now in effect or hereafter amended.

1.16.    "**Cause(s) of Action**" shall mean any and all causes of action to recover funds for the benefit of the Estate.

1.17.    "**Chapter 11 Case**" or this "**Case**" shall mean the proceeding under Chapter 11 of the Bankruptcy Code under case number 19-25286-BKC-RAM.

1.18.    "**Claim**" shall have the meaning provided for such term in Section 101(5) of the Bankruptcy Code.

1.19.    "**Claimant**," "**Claimholder**" or "**Creditor**" shall mean the holder of a Disputed Claim or Allowed Claim, as the case may be.

1.20.    "**Claimholder**" shall mean a creditor of the Estate whose Claim is not a Disputed Claim and who is entitled to vote on the Plan.

1.21.    "**Claims Bar Date**" shall mean March 16, 2020, which is the date set by the Bankruptcy Court as the last day for filing a proof of Claim for all creditors except a governmental unit against the Debtor.

1.22.    "**Class**" shall mean a group of Claims or Interests consisting of Claims or Interests which are substantially similar to each other as classified pursuant to the Plan in accordance with Section 1122 of the Bankruptcy Code.

1.23.    "**Confirmation**" or "**Confirmation Date**" shall mean the date on which the Confirmation Order is entered on the Bankruptcy Court's docket.



**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

1.24.   "**Confirmation Hearing**" shall mean the hearing conducted by the Bankruptcy Court under Section 1128 of the Bankruptcy Code wherein the Bankruptcy Court shall consider confirmation of this Plan, in accordance with Section 1129 of the Bankruptcy Code, as the same may be continued from time to time.

1.25.   "**Confirmation Order**" shall mean the Final Order of the Bankruptcy Court confirming this Plan pursuant to Section 1129 of the Bankruptcy Code.

1.26.   "**Court**" shall mean the United States Bankruptcy Court Southern District of Florida, Miami Division.

1.27.   "**Cramdown Provisions**" shall mean in the event that any Impaired Class of Claimholders with Claims against the Debtor fail to accept the Plan in accordance with § 1129(a) of the Bankruptcy Code, the Debtor will request the Bankruptcy Court to confirm the Plan in accordance with § 1129(b) of the Bankruptcy Code.

1.28.   "**Creditor**" shall mean any person or entity that is a holder of a Claim against the Debtor.

1.29.   "**Debtor**" shall mean CHILDREN FIRST CONSULTANTS, INC..

1.30.   "**Directors**"  shall mean (i) Sofia Aneas, LMHC, BCBA, (ii) Oxana Garkavchenko, LMHC, BCBA and (iii) Yudelkys San Juan Machin, BCBA, each owning a 33.3% equity interest in the Debtor.

1.31.   "**Disclosure Statement**" shall mean the Disclosure Statement for the Plan of Reorganization proposed by Debtor pursuant to Section 1125 of the Bankruptcy Code, as such Disclosure Statement may be amended, modified or supplemented from time to time (and all exhibits and schedules attached thereto or referred to therein).

5

1.32.    "**Disputed Claim**" shall mean: (i) a liability scheduled on the Schedules or the Amended Schedules as disputed, contingent or unliquidated; or, (ii) a timely filed proof of Claim against which an objection is pending, or is filed within the deadline provided in this Plan and which Claim has not been Allowed by order of the Bankruptcy Court.

1.33.    "**Disputed Creditors**" shall refer to those Creditors with disputed Claims that have been so designated on Schedule F.

1.34.    "**Earn Out From Operations**"  shall mean the net disposable income of the Debtor for the full fiscal year following the first distribution under the Plan after payment of all ordinary course of business expenses and the establishment of a reserve for three months of operations.

1.35.    "**Effective Date**" shall mean the date on which distributions to Creditors shall commence after the entry of the Confirmation Order. The Effective Date in this case shall take place thirty (30) days after the entry of the Confirmation Order.

1.36.    "**Estate**" shall mean the Estate created by Section 541 of the Bankruptcy Code upon the Debtor's filing of the Petition with the Bankruptcy Court in this Proceeding.

1.37.    "**Equity Interest**" shall mean a share of stock, warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest in the Debtor, as more specifically defined in Section 101(16) of the Bankruptcy Code.

1.38.    "**Executory Contracts**" shall mean all contracts, oral or written, to which the Debtor is a party and which are executory within the meaning of Section 365 of the Bankruptcy Code.

1.39.    "**Final Order**" shall mean an order or judgment of the Bankruptcy Court that is appealable of right to the United States District Court for the Southern District of Florida

6



pursuant to Section 158(a) of Title 28, United States Code, whether or not an appeal can be timely taken, is taken, or is pending, unless the order is stayed pending appeal, and whether or not a timely motion is filed under Bankruptcy Rules 7052(b) or 9023.

**1.40.** "**General Unsecured Claim**" shall mean any Claim against the Estate of the Debtor other than an Administrative Claim or a Priority Claim.

**1.41.** "**Governmental Unit**" shall have the meaning set forth in Section 101(27) of the Bankruptcy Code.

**1.42.** "**Holder**" shall mean a creditor of the Estate whose Claim is not a Disputed Claim and who is entitled to vote on the Plan.

**1.43.** "**Impaired**" shall mean that the Holder of such Allowed Claim will not receive a one hundred (100%) percent distribution on account of such Claim.

**1.44.** "**Insiders**" shall have the meaning given such term in Section 101(31)(B) of the Bankruptcy Code: (i) a director of the debtor; (ii) an officer of the debtor; (iii) a person in control of the debtor; (iv) a partnership in which the debtor is a general partner; (v) a general partner of the debtor; or (vi) a relative of a general partner, director, officer, or person in control of the debtor.

**1.45.** "**Litigation Proceeds**" shall mean the expected proceeds of the litigation to recover accounts receivable which are expected to arrive in two segments; first from the payment of Claims by AHCA and second, from Wellcare.

**1.46.** "**Local Rules**" " shall mean the Local Bankruptcy Rules for the Southern District of Florida.

**1.47.** "**Monthly Operating Reports**" " shall mean the small business debtor monthly operating reports filed by the Debtor in the Chapter 11 Case.



**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

**1.48.** "**Petition Date**" shall mean the date that the voluntary petition was filed in this Case, which date was November 13, 2019.

**1.49.** "**Plan**" shall mean Debtor's Plan of Reorganization in its entirety, together with all addenda, exhibits, schedules and other attachments thereto, in its present form or as it may be modified, amended or supplemented from time to time.

**1.50.** "**Plan Fund**" shall mean such sums available for payment of Allowed Claims under this Plan.

**1.51.** "**Plan Payment**" shall mean disbursements contemplated in the Plan.

**1.52.** "**Priority Cap**" shall mean the maximum wage amount described in Section 507(a)(4) of $13,650.00.

**1.53.** "**Priority Claim**" shall mean a Claim entitled to priority under Section 507(a)(9) of the Bankruptcy Code.

**1.54.** "**Professional**" shall mean a person or entity (a) employed in the Chapter 11 Case pursuant to a Final Order in accordance with Section 327, 328, or 1103 or otherwise of the Bankruptcy Code and to be compensated for services rendered prior to the Effective Date, pursuant to Sections 327, 328, 329, 330, 331, and 363 of the Bankruptcy Code or (b) for which compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to Section 503(b)(4) of the Bankruptcy Code.

**1.55.** "**Professional Claim**" shall mean the Claim of any legal counsel, accountant, consultant, financial advisor, or other Professional entitled to such Claim pursuant to Sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code for services rendered before the Effective Date.

**1.56.** "**Proponent**" shall mean the Debtor.

8



1.57.   "**Reorganized Debtor**" shall mean the Debtor in its restructured and reorganized form as of the entry of the Confirmation Order.

1.58.   "**Scheduled**" shall mean as set forth in the Debtor's Schedules of Assets and Liabilities.

1.59.   "**Schedules**" or "**Amended Schedules**" or "**Schedules of Assets and Liabilities**" or "**Statement of Financial Affairs**" shall mean the Schedules and any Amended Schedules filed or which may be filed by the Debtor in this Chapter 11 Case.

1.60.   "**Solicitation Procedures Order**" " shall mean the order which sets forth the solicitation procedures in this Chapter 11.

1.61.   "**United States Trustee**" shall mean the Assistant United States Trustee for the Southern District of Florida.

1.62.   "**United States Trustee Fees**" shall mean the quarterly fee payments due under 28 U.S.C. § 1930(a)(6), to be paid to the United States Trustee System Fund at Treasury in each case under chapter 11 (except small business cases under Subchapter V of chapter 11) for each calendar quarter, or portion thereof, between the date a bankruptcy petition is filed and the date the court enters a final decree closing the case, dismisses the case, or converts the case to another chapter in bankruptcy.

1.63.   "**Voting Deadline**" shall mean _____, 2020 5:00 p.m. Eastern Daylight Time.

1.64.   "**Uncontested Receivable**" shall mean $831,128.28 of uncontested receivables owed by AHCA which are the subject of the Adversary Proceeding.

1.65.   "**Wellcare**" shall mean Wellcare Health Plans, Inc.

1.66.   "**Undefined Terms**" shall mean that a term used but not defined herein shall have the meaning given to it by the Bankruptcy Code or the Bankruptcy Rules, if used therein.

9



## ARTICLE II.
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.1    All Claims against the Debtor of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, including all Claims arising from transactions of the Debtor or rejection of executory contracts and/or unexpired leases, whether resulting in an Allowed Claim or not, shall be bound by the provisions of the Plan. With the exception of Administrative Claims, which are unclassified pursuant to 11 U.S.C. § 1123(a)(1), Claims against the Debtor is classified as follows:

| CLASS | CLASS DESCRIPTION | IMPAIRMENT | VOTE ENTITLEMENT |
|---|---|---|---|
| Unclassified | Allowed Administrative Expense Claims, including Professionals Claims, for costs or expenses of administering the Debtor's case, which are allowed under Section 503(b) of the Bankruptcy Code and fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee that were incurred during the course of the case. | Unimpaired | Not entitled to vote |
| Class 1 | Allowed Wage Claims | Impaired | Entitled to vote |
| Class 2 | Allowed General Unsecured Claims | Impaired | Entitled to vote |
| Class 3 | Equity Interests of the Directors | Unimpaired | Not entitled to vote |

## ARTICLE III.
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

**General Matter Regarding Classification and Treatment of Claims.**    Except to the extent the holder of an Allowed Claim or Allowed Interest against the Debtor agrees to accept different but lesser treatment, the treatment of Allowed Claims and Allowed Interests shall be as follows:

**3.1.    Administrative Expense Claims.**  Each holder of an Allowed Administrative Expense Claim under § 503 of the Code will be paid upon receipt of the potential Litigation

10

Proceeds arising out of the Debtor's demand for payment of accounts receivable asserted against the Agency for Healthcare Administration of Florida ("**AHCA**"). Should the Reorganized Debtor chose to proceed to a second round of litigation against AHCA and/or Wellcare Health Plans, Inc. ("**Wellcare**"), a sufficient amount of the Litigation Proceeds, to be determined at that time, shall be set aside to fund actual projected litigation expenses. All Administrative Expense Claims incurred in the ordinary course of the Debtor's business, including without limitation, employee wages, utilities, and taxes, shall be paid by the Debtor or Reorganized Debtor in the ordinary course of business pursuant to customary terms and due dates.

3.2.    **Class 1.    <u>Allowed Wage Claims.</u>** In light of their material and substantial contribution to the Debtor's business operations and going concern value, the Debtor shall treat the Claims of its independent contractors as Priority Claims commensurate with the wage Claims of the Debtor's W-2 employees. Consistent with Section 507(a)(4), the Allowed Wage Claims shall receive a pro rata distribution in an amount of up to 100% of $13,650.00 (the "**Priority Cap**"). Any holders of Allowed Wage Claims whose total allowed Claim exceeds the Priority Cap shall participate in distributions to Class 2 Allowed General Unsecured Claims. **Class 1 is Impaired and Claimants other than Insiders are entitled to vote.**

3.3.    **Class 2.    <u>Allowed General Unsecured Claims.</u>** After payment of allowed Administrative Expense Claims and Class 1 Allowed Wage Claims, Allowed General Unsecured Claims (including Allowed Wage Claims above the Priority Cap) shall receive a pro rata distribution from the balance of the Plan Fund. **Class 2 is Impaired and Claimants other than Insiders are entitled to vote.**

11

**3.4.**    **Class 3. <u>Equity Interests of the Directors</u>.** Class 3 consists of the equity interests in the Debtor, which are owned by the Directors and are retained under the Plan. **Class 3 Claimants are unimpaired and not entitled to vote.**

**3.5.**    **Impaired Classes.**  The following classes are Impaired and entitled to vote on the Plan: Class 1 and Class 2.

### ARTICLE IV.
### ACCEPTANCE OR REJECTION OF PLAN

**4.1.**    **<u>Voting Classes.</u>** Each holder of an Allowed Claim in Class 1 and 2 shall be entitled to vote to accept or reject this Plan.

**4.2.**    **<u>Presumed Acceptance of Plan.</u>**  Class 3 is conclusively presumed to have accepted this Plan or are otherwise not entitled to vote.

### ARTICLE V.
### FUNDING AND IMPLEMENTATION OF THIS PLAN

**5.1.**    **<u>Vesting of Property of the Estate.</u>**   On the Effective Date, property of the Debtor, not otherwise disposed of under the Plan, shall vest with the Reorganized Debtor.

**5.2.**    **<u>The Plan Fund</u>**. The Plan shall be funded from the following sources (the "**Plan Fund**"): (a) recoveries obtained from the Litigation Proceeds after payment of Allowed Administrative Claims and a set aside of a reserve for litigation costs in the event that the Reorganized Debtor elects to proceed with further litigation against AHCA or Wellcare, and (b) an "earn out" distribution from the Debtor's operations after the first full fiscal year that follows the year in which the first distributions under the Plan are made (the "**Earn Out From Operations**"). The term "Earn Out From Operations" shall mean the net disposable income of the Debtor for the full fiscal year following the first distribution under the Plan after

12

payment of all ordinary course of business expenses and the establishment of a reserve for three months of operations.

**5.3.** **Sources of Funding Plan Payments.** The Plan Fund shall be funded through two sources (i) the Litigation Proceeds and (ii) an Earn Out From Operations. The Earn Out From Operations component will arise out of the Debtor's provision of services to clients enrolled in private insurance plans, including but not limited to; Cigna, Aetna, Florida Blue, Tricare and United Healthcare. The Litigation Proceeds are expected to arrive in two segments; first from the payment of Claims by AHCA and second, from Wellcare. The anticipated payout of Litigation Proceeds from the litigation against AHCA is expected to be sufficient to satisfy Allowed Administrative Expense Claims, Allowed Wage Claims, establish a working capital reserve and fund a small portion of the Class 2 General Unsecured Claims. The second round of litigation with Wellcare is expected to provide an additional payment to Class 2 General Unsecured Claims. For illustrative purposes, if the Debtor recovers $1 million of Litigation Proceeds, approximately 50% of that amount shall be used to satisfy Allowed Administrative Expense Claims.[1] The remaining $500,000.000 shall be used first to satisfy Class 1 Allowed Wage Claims up to the priority amount with the balance paid to Class 2 Allowed General Unsecured Claims, after the establishment of a working capital reserve. The Reorganized Debtor, as reorganized, will retain and will be vested in all property of the Estate, excepting property which is to be disposed of as provided herein and executory contracts which are rejected pursuant to this Plan. Sofia Aneas will continue as President of the Reorganized Debtor. The retained Estate property shall be used by the Debtor in the ordinary course of its

---

[1] Special Litigation Counsel, Christopher David, Esq's employment was approved on a contingency fee basis in the amount of 35%. The law firm of Agentis, General Counsel for the Debtor, has not yet filed a fee application in this matter and has not otherwise received compensation for its services at this time.

13



**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

business, which will continue to be the operation of the corporation providing behavioral analysis services to children with developmental disabilities, including but not limited to; autism, down syndrome, attention deficit hyperactivity disorder (ADHD), depression, anxiety and other conduct and behavioral issues in its present form, or as may be expanded or modified in the business judgment of the Reorganized Debtor.

   **5.4.** __Events Occurring on or Before Confirmation.__   The following events shall occur on or before the Confirmation Date: the Debtor shall continue to operate its business, provide behavioral analysis services to clients and collect payments for services rendered in the ordinary course of its business.  The Debtor shall also commence litigation in the Circuit Court of Leon County against AHCA for breach of contract and associated damages. In addition, the Debtor shall continue to comply with the various other orders entered by the Bankruptcy Court during the course of its case.

   **5.5.** __Events Occurring on or after the Effective Date.__   The following events shall occur on or after the Effective Date: the Debtor shall continue operations and shall commence the payments provided for in this Plan. All property of the Debtor and the Debtor's Estate shall vest in the Reorganized Debtor, and the Reorganized Debtor shall continue in the ordinary course of business.

   **5.6.** __Documents.__   All necessary documents for the implementation of this Plan shall be executed and delivered by the Debtor, when possible, on or before the Effective Date.  To the extent that the Debtor or any party in interest herein is unable to agree on the form or substance of such documents, such unresolved issues shall be submitted to the Court.  Upon execution and delivery, all such documents shall be binding on the Debtor and Reorganized Debtor and all other parties subject to such documents.

14

5.7. **Payments.**  On or as soon as practicable after the Effective Date and upon receipt of the Litigation Proceeds, the Debtor shall commence payment of all amounts required to be paid pursuant to Article III of this Plan.

5.8. **Causes of Action.**  The Debtor reserves the right to commence or continue to prosecute any and all Causes of Action which are unresolved during the pendency of this Bankruptcy Case. The Debtor has reviewed its books and records and is not aware of any other Claim or Cause of Action accruing to the Debtor, other than the collection of accounts receivable against AHCA and Wellcare, in the ordinary course of business, including any rights and Claims appurtenant thereto. **The Debtor does not have the financial wherewithal to conduct a fulsome Avoidance Action analysis pursuant to Section 544 of the Bankruptcy Code. To the extent any Avoidance Actions exist, the Debtor believes that the targets would likely be the Debtor's current creditors. Accordingly, the Debtor specifically abandons any and all potential Avoidance Actions.**

Except to the extent any rights, Claims, Causes of Action defenses, and counterclaims are expressly and specifically released in connection with this Plan or in any settlement agreement approved during the Bankruptcy Case: (i) any and all Causes of Action or Claims accruing to the Debtor or the Estate shall remain assets of and vest in the Reorganized Debtor whether or not litigation relating thereto is pending on the Effective Date, and whether or not any such Claims or Causes of Action have been listed or referred to in the Plan, the Disclosure Statement, or any other document filed with the Court, and the Debtor does not waive, release, relinquish, forfeit, or abandon (nor shall it be estopped or otherwise precluded or Impaired from asserting) any Claims, Causes of Action, or defenses that constitute property of the Estate.

15

**5.9.**    **Reservation of Rights under Section 1129(b).**    The Debtor expressly reserves the right, pursuant to Section 1129(b) of the Bankruptcy Code, to request that the Court confirm this Plan if all of the applicable requirements of Section 1129(a) of the Bankruptcy Code have been met, other than those of Section 1129(a)(8).    Section 1129(b) of the Bankruptcy Code provides that the Plan may be confirmed by the Court despite not being accepted by every Impaired Class if (i) at least one Impaired Class of Claim has accepted the Plan, and (ii) the Court finds that the Plan does not discriminate unfairly and is fair and equitable to the rejecting Classes.    Among other things, such a finding would require a determination by the Court that no holder of an Allowed Claim junior to the rejecting Class will receive or retain any property or payment under the Plan.    In connection with such a request the Debtor may seek permission to modify the Plan.    Further, the Debtor reserves the right, pursuant to Section 1126(e) of the Bankruptcy Code, to request that the Court strike any rejection of the Plan by any holder of a Claim where such rejection is not in good faith.

**5.10.**    **No Waiver of Claims**:    **Neither the failure to list a Claim in the Schedules filed by the Debtor, the failure of the Debtor or any other Person to object to any Claim for purposes of voting, the failure of the Debtor or any other person to object to a Claim or Administrative Expense before Confirmation or the Effective Date, the failure of any person to assert a Claim or Cause of Action before Confirmation or the Effective Date, the absence of a proof of Claim having been filed with respect to a Claim, nor any action or inaction of the Debtor or any other person with respect to a Claim or Administrative Expense, other than a legally effective express waiver or release, shall be deemed a waiver or release of the right of the Debtor before or after solicitation of votes on the Plan or before or after Confirmation or the Effective Date to (a) object to or examine such Claim**

16

or Administrative Expense, in whole or in part or (b) retain an either assign or exclusively assert, pursue, prosecute, utilize, otherwise act or otherwise enforce any Claim or Cause of Action against the holder of any such Claim.

**5.11.** **Disputed Claims.** At the time the Debtor distributes payment to a Class in which a member holds a disputed Claim, the Debtor shall deposit into an escrow account the amount to which a disputed Claimant would be entitled if its Claim were allowed in full. Within thirty (30) days after a disputed Claim becomes an allowed Claim, the *pro rata* distribution which should have been disbursed to that Claimant had such Claim been an allowed Claim on the date of distribution, shall be paid to such Claimant. Once all disputed Claims have been adjudicated, to the extent that the amounts reserved for payment relating to those Claims exceed the amount of such Claims as ultimately allowed, such excess shall be returned to the Reorganized Debtor.

**5.12.** **Delay of Distribution on a Disputed Claim.** No distribution will be made on account of a disputed Claim unless such Claim is allowed by a final non-appealable order.

**5.13.** **Settlement of Disputed Claims.** The Debtor will have the power and authority to settle and compromise a disputed Claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**5.14.** **Post-Effective Date Fees and Expenses.** From and after the Effective Date, the Reorganized Debtor shall, in the ordinary course of its business be authorized to  pay the reasonable fees and expenses of  Professional persons thereafter incurred, including, without limitation, those fees and expenses incurred in connection with the implementation and consummation of the Plan.

**5.15.** **Determination of Tax Liability.** The Debtor or Reorganized Debtor, as the case may be, may seek determination of any tax liabilities pursuant to 11 U.S.C. § 505.

17



## ARTICLE VI.
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1** **Rejected Executory Contracts and Unexpired Leases.** The Debtor has no unexpired leases, however, the Debtor currently has 89 independent contractor agreements with therapists. All executory contracts are deemed rejected upon entry of the order confirming this Plan, unless otherwise expressly assumed. The Debtor reserves the right to file motions for the assumption at any time prior to the Confirmation Date and to prosecute any such motion to entry of a Final Order anytime thereafter.

## ARTICLE VII.
## REQUEST FOR CONFIRMATION UNDER 11 U.S.C. § 1129(B)

In the event any Impaired class of Claims or Interests does not accept the Plan, the Debtor requests that the Court nevertheless confirm its Plan under the provisions of 11 U.S.C. § 1129(b).

## ARTICLE VIII.
## GENERAL PROVISIONS

**8.1.** **Definitions and Rules of Construction.** The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan, and they are supplemented by the definitions in Article I.

**8.2.** **Effective Date of Plan.** The effective date of this Plan is thirty (30) days following the date of the entry of the Confirmation Order (the "**Effective Date**"). However, if a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the Confirmation Order is in effect, provided that the Confirmation Order has not been vacated.

18

**8.3.** __Severability.__  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.4.** __Binding Effect.__  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**8.5.** __Captions.__  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.6.** __Controlling Effect.__  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**ARTICLE IX.**
**DISCHARGE, RELEASES, AND INJUNCTIONS**

**9.1.** __Discharge of Debt.__ Upon the Effective Date, the Debtor shall be fully and completely discharged to the fullest extent permitted by Sections 1141 and 524 of the Bankruptcy Code, from all Claims, debts and liabilities against the Debtor arising before the Effective Date, except as specifically provided for by the Plan.

**9.2.** __Releases.__  **As of the Effective Date, except for the Debtor's express obligations respecting distributions herein and Claims reserved by the Debtor to be pursued under the Plan, the Debtor and the Reorganized Debtor are hereby released and discharged from any and all Claims, causes of action, demands, liabilities, losses, damages, whether known or unknown, under federal, state or other law, that arose after the Petition**

19

**Date and prior to the Effective Date in connection with any matter arising from or relating to the Debtor.**

       **9.3.**   **Injunction.**  Commencing on the Effective Date, all persons who hold or who have held a Claim or Interest in the Debtor shall be permanently enjoined from commencing or continuing any action, employment of process, or act to collect, offset, avoid or recover any Claim against the Debtor, except as otherwise provided under the Plan.

**ARTICLE X.**
**RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT**

       The Bankruptcy Court shall retain jurisdiction of these proceedings after the Confirmation Date of this Plan until the Confirmation Date for the following purposes:

       a.    To enable the Debtor to consummate the Plan and any amended or modified Plan and to resolve any disputes arising with respect thereto;

       b.    To enable the Debtor to consummate any and all proceedings that it may bring prior to the entry of the Confirmation Order;

       c.    To determine all controversies relating to or concerning the classification, subordination, allowance, valuation or satisfaction of Claims;

       d.    To liquidate or estimate for purposes of allowance all contested, contingent or unliquidated Claims;

       e.    To determine the validity, extent and priority of all liens, if any, against property of the Estate;

       f.    To determine all assertions or an ownership interest in, the value of, or title to, any property of the Estate;

       g.    To determine all objections to Administrative Claims;

20



h.        To determine all (1) adversary proceedings, contested or litigation matters brought before the Bankruptcy Court; and, (2) any and all Claims or Causes of Action asserted by the Debtor, either by and through the Debtor or Reorganized Debtor;

i.        Without limiting the generality of the preceding paragraph, to determine any Avoidance Action brought by the Debtor;

j.        To determine all controversies arising out of any purchase, sale, or contract made or undertaken by the Debtor prior to the Confirmation Date;

k.        To enforce all agreements assumed, if any, and to recover all property of the Estate, wherever located;

l.        To determine any tax liability of the Estate in connection with the Plan, actions taken, distributions or transfers made thereunder;

m.        To enforce any and all injunctions created pursuant to the terms of the Plan;

n.        To modify the Plan or to remedy any defect or omission or reconcile any inconsistencies in the Plan either before or after the entry of the Confirmation Order;

o.        To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation or enforcement of the Plan;

p.        To make such orders as are necessary or appropriate to carry out the provisions of the Plan.

### ARTICLE XI.
### MODIFICATIONS TO THE PLAN

The Debtor may propose amendments or modifications to the Plan at any time prior to the Confirmation Date without leave of the Bankruptcy Court. After the Confirmation Date

21

parties- in-interest may, with Bankruptcy Court approval and so long as it does not materially or adversely affect the interests of Creditors, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order in such manner as may be necessary to carry out the purposes and intent of the Plan.

**ARTICLE XII**
**<u>AMENDMENT OF CLAIMS</u>**

Claimants shall not be permitted to amend or otherwise modify any Claim after the Confirmation Date without leave of the Bankruptcy Court, unless the Claimant has specifically reserved a right to amend its Claim.

Respectfully submitted on September 8, 2020

By:    */s/ Sofia Aneas*
       Sofia Aneas
       President of Children First Consultants, Inc.

By:    */s/ Nicole Grimal Helmstetter*
       Nicole Grimal Helmstetter, Esq.
       Attorneys for the Plan Proponent
       Florida Bar Number 86937

**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**